THE STATE, USE &c., *vs.* ADAMS ET AL.

In an action by the State, for the use of the State Bank, on a sheriff's bond, process cannot be sent and executed beyond the county where issued, as in ordinary cases by the bank against individuals.

Such suit is not upon a bond, bill or note discounted, negotiated or made payable at said bank, or any of its branches, and the writ cannot be directed to, and executed in any county, in which any defendant may be found.

A plea in abatement of the writ is proper in such case.

THIS was debt on sheriff's bond, determined in Pulaski circuit court, in January, 1844, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. The suit was brought in the name of the State, for the use and benefit of the State Bank, on the official bond of the sheriff of Johnson county.

The defendants pleaded to the writ in abatement thereof, "that said writ was executed and served upon them without the jurisdiction of this court, to wit, in the county of Johnson," concluding with a verification and prayer, that the writ may be quashed. The plaintiff demurred to the plea, but the court overruled her demurer, and she declining to reply, gave judgment for the defendants, to reverse which, the plaintiff has sued out and prosecutes this writ of error.

*Hempstead,* for plaintiff. I contend, that the authority to sue in the county where the banking house is situated, is not confined to bonds, notes or bills, but extends by necessary implication to all suits having in view the collection of debts due the bank. There is nothing in the charter to prohibit loaning money without ever taking any written evidence of it, and could it be contended, that a suit in assumpsit could only be instituted in the county where the defendant resides? If a person received money for the use of the bank, can it be contended, that he cannot be sued in the county where the bank is situated, because it is not done by bond, bill or note? Can any reason be pointed out why a difference should exist? *Acts of* 1837, *p.* 137, *sec.* 4. It is manifest, that the legislature put bonds, bills and notes, by way of example and not as a limitation. There could be no possible reason for confer-

ring the privilege in that class of cases, and denying it in others, when the object in both would be to collect debts with speed and convenience, and this was the only thing the legislature had in view. It is a great mistake to suppose that a corporation can exercise no powers, save such as are expressly granted. There are many of an incidental character of great importance, and without which, no corporation could sustain itself. Thus, a corporation may take a mortgage upon land, by way of security, for loans made in the course of its business, although there is no special authority to do so granted in the charter. And I apprehend, upon a parity of reasoning, a bank might take any species of property in payment of its debts, without any express grant to that effect. *Silver Lake Bank vs. North,* 4 *J. C. R.* 370. *Baird vs. Bank of Washington,* 11, *Serg. & Rawle,* 411.

*Ashley & Watkins,* contra. In ordinary cases, (in all transitory actions,) one of the defendants, at least, must be found and served with process in the county where the suit is instituted; but by an act approved 3d March, 1837, *Acts of '37, p.* 136, *sec.* 4, it is enacted, "that all suits brought by said bank, or any of its branches, on any *bonds, notes or bills, discounted, negotiable* or *made payable,* at or in said bank, or any of its branches, may be brought and prosecuted to final judgment in the county in which such bank or branch is situated, and the writ or writs may be directed to, and executed in any county in which the defendant or defendants may be found," &c. And it is under this act, that the plaintiffs claim the right to bring this suit in Pulaski, and direct the process to Johnson, where the defendants were found and served. This suit certainly cannot be said to be "on a bond, bill or note discounted, negotiated, or made payable at, or in the Bank." It is evidently founded upon an official bond, and the breach alleged, is a failure to pay over money collected on an execution. But it is said that the execution was upon a judgment on a note discounted in and made payable at the bank. That would be making the original contract of Fielder & Clark, the cause of action in this case, instead of the delinquency of the sheriff, which are wholly distinct.

The State, use &c., *vs.* Adams et al.

*By the court,* Ringo C. J.   The plaintiff insists that the writ was legally issued to and executed in the county of Johnson, by virtue and in pursuance of the provisions of the 4th section of the statute, entitled " an act supplemental to the act incorporating the bank of the State of Arkansas," approved March 3d, 1838, which declares that "all suits brought by said bank, or any of its branches, *on any bonds, notes or bills discounted, negotiated or made payable at or in said bank, or any of its branches,* may be brought and proceeded in to final judgment in the county in which said bank or branch may be situate, and the writ or writs may be directed to and executed in any county in which the defendant or defendants may be found." The defendants contend, that the right or privilege, thus conferred upon the bank, does not extend to causes of action, other than those of the description expressly mentioned in the statute; and that the cause of action set forth in the declaration, is not one of this description. And in this opinion of the defendants, we fully concur, upon the ground, that the right thus given to the bank, in opposition to the general rule, that all personal actions must be brought in the county in which the defendant resides, or may be legally served, is a special privilege constituting an exception to the general rule; and must, according to the well established rules of interpretation, be restricted to actions founded upon, and evidenced by such contracts and instruments as those mentioned in the statute. The allegation, upon which this action is based, is certainly not of this description, but one in regard to which the bank possesses no such privilege. The plea of the defendants is, therefore, sufficient in law to quash and abate the writ, and the demurrer thereto was rightly overruled by the court. Consequently, there is no error in the judgment of the circuit court pronounced in this case, for which it ought to be reversed. Wherefore, it must be in all things affirmed with costs.   Judgment affirmed.